THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

|  |  |
|---|---|
| HENRY AYO, and KAIASHA WHITE on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>CLEVE DUNN, Sr., *et al.*<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:17-cv-526-SDD-EWD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATUS REPORT

**A.  JURISDICTION**

The Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiffs' state law claims under Louisiana law pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

**B.   BRIEF EXPLANATION OF THE CASE**

  1.  Plaintiff claims:

Plaintiffs Henry Ayo and Kaiasha White bring this action on behalf of themselves and all individuals from whom Defendants Rehabilitation Home Incarceration ("RHI") and Cleve Dunn, Sr. ("Dunn") unlawfully profited by conditioning their freedom from imprisonment at the East Baton Rouge Parish Prison (the "Prison") on payment of an initial fee to RHI. Dunn's and RHI's scheme depended on the cooperation of Defendant Sid Gautreaux, III ("Gautreaux" or the "Sheriff"), the Sheriff of East Baton Rouge Parish. At RHI's behest, Gautreaux detained pretrial

1

defendants at the Prison, after they were otherwise eligible for release, until they paid the initial fee to RHI.  Once released from the Prison, RHI and Dunn continued to condition Plaintiffs' and the proposed class's freedom on payment of onerous monthly supervision fees and related fees to RHI.

On these facts, Plaintiffs Henry Ayo and Kaiasha White and a class of similarly situated individuals claim RHI's and the Sheriff's practices violate the Fourth and Fourteenth Amendments of the U.S. Constitution; that Defendant Dunn has violated Plaintiffs' rights under the federal and Louisiana Racketeering Influenced and Corrupt Organizations Acts; and that RHI has violated the Louisiana Unfair Trade Practices Act.  Plaintiffs also claim unjust enrichment and conversion against RHI under Louisiana law.

2.      Defendant Sheriff Sid J, Gautreaux, III, claims:

Sid J. Gautreaux, III, denies Plaintiffs' claims of wrongdoing and denies that he is liable for any and all damages claimed.

Plaintiffs have failed to state a claim against Sid J. Gautreaux, III, in his official capacity as Sheriff of East Baton Rouge Parish. The Sheriff denies that he created and enforced a policy that the East Baton Rouge Parish Prison will not release arrestees until it receives permission from RHI. However, even if Plaintiffs' allegations are accepted as true, Plaintiffs have not demonstrated that the alleged practice reflects deliberate indifference to the risk of a constitutional violation. Plaintiffs cite Judge White's bond orders, which set the amount of bail and set specific conditions for their release, including the condition that they were to be under the supervision of RHI. The bond order cited by Plaintiffs indicates Ayo is to be under the supervision of RHI – Cleve Dunn upon release on bond and shall not be released without first meeting with his bond supervisor. Deputies were reasonable in complying with the judge's order. As keeper of the parish jail, the

sheriff has a statutory obligation to hold prisoners and/or detainees lawfully confined to his custody. The sheriff has a duty to keep detainees incarcerated consistent with the court's orders. Judge White set the amounts of bail and set specific conditions for their release in the bond orders, including the condition that they were to be under the supervision of RHI. The Sheriff does not have discretion to set Plaintiffs' bail or bond conditions. Moreover, Plaintiffs have not shown they were eligible for release prior to their release on bond.

Sid J. Gautreaux, III, opposes the class certification.

3.      Defendants Dunn and RHI, Inc. claim:

Defendants, Cleve Dunn, Sr., and RHI deny Plaintiffs' claims of any wrongdoing and deny in all respect that they are liable in anyway for any and all damages claimed by Plaintiffs.

As previously asserted by Defendants, Plaintiffs have failed to show nor state a claim against Cleve Dunn, Sr., individually or against RHI as a private corporation. Defendants affirm that they never had any collusive agreement with any judge of the 19th Judicial District Court to take advantage of plaintiffs who were arrested. Plaintiffs have not and cannot prove that Defendants have the power to forbade either the Judge from 19th Judicial District Court nor the Sheriff not to release Plaintiffs from jail. Plaintiffs have not shown, apart from their bold allegations, that defendants' actions reflect deliberate indifference to the risk of a constitutional violation. Herein, Judge White's bond orders was very specific as to the conditions of plaintiffs' release. The bonds, as a matter of experience, were low and in order to deter future criminal activities, which eventually happened as to one of the plaintiffs, included in the bond conditions that they be under the supervision of RHI. The bond order also mandated that plaintiff-Ayo, not be released without first meeting with his bond supervisor. Bond setting is a statutory obligation of Judges, both in State and Federal levels. Judges have discretion and latitude in setting bonds as

set forth in C. Cr. P. Art. 316 and additionally, as fleshed out in C. Cr. P. Art. 320 et seq and particularly, Section "B". (Conditions of bail undertaking) RHI was basically carrying out orders received from Judge White relevant to C. Cr. P. Art. 320. Judge White is NOT the only Judge that set bonds with Art. 320, most of the judges in the 19th JDC do so regularly in order to prevent what happened in the case of at least, one of the plaintiffs, Ayo. Dunn and RHI do not have the authority to set plaintiffs' bonds, nor the conditions attached to same. Thus, Plaintiffs have not shown how their constitutional rights were violated herein.

Cleve Dunn, Sr., and RHI, oppose the class certification

**C.    PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

Defendant Sid Gautreaux filed a Motion to Dismiss for failure to state a claim on October 27, 2017, to which Plaintiffs responded on November 17, 2017. Defendant Gautreaux filed his Reply on January 11, 2018.

On February 6, 2018, Defendants Dunn and RHI have filed a proposed Motion to Dismiss attached to their Motion for Leave to File Defendants Motion To Dismiss, and the Court granted their motion for leave on February 14, 2018. The proposed Motion to Dismiss has not yet been filed.

**D.    ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

**Plaintiffs**:

a. Whether Defendant Dunn's operation of RHI through a pattern of racketeering activity—specifically, extorting money from Plaintiffs and the Proposed Class by

    unlawfully detaining them in the Prison until they pay RHI's initial fee, then threatening them with additional jailing if they fail to pay RHI monthly fees once released—violates the Louisiana and federal RICO Acts (disputed);

b. Whether Gautreaux and RHI's practice of detaining Plaintiffs Ayo and White and members of the proposed Class in the Prison because they could not pay RHI's initial fee violates Plaintiffs and proposed Class members' rights under the Fourteenth Amendment to due process and equal protection (disputed);

c. Whether Gautreaux and RHI's detention of Plaintiffs and the proposed Class members after they posted bonds constituted an unreasonable seizure in violation of the Fourth Amendment (disputed);

d. Whether RHI's charging and collection of fees not authorized by statute or court order, as well as its practice of conditioning release from jail and threatening future imprisonment on payment of these fees, constituted conversion and unjust enrichment under state law (disputed);

e. Whether RHI's agreement with Judge Trudy White for Judge White to assign pretrial arrestees to RHI exclusively, without a meaningful hearing as to the appropriateness of RHI supervision, violates the Louisiana Unfair Trade Practices Act (disputed);

f. Whether RHI's imposition of financial conditions of release and supervision fees without lawful authority and market competition, and its collection of these fees by jailing or threatening to jail those under its supervision, violates the Louisiana Unfair Trade Practices Act (disputed);

g. Whether Plaintiffs and the proposed class meet the requirements of Rule 23(a) and (b)(3) to certify Plaintiffs' proposed class (disputed); and

5

h. Whether Plaintiffs and the proposed class are entitled to actual and treble damages for the above legal violations (disputed).

**Defendant Sid J. Gautreaux**:

a. Whether Plaintiffs have a cause of action against the Sheriff (disputed).

b. Whether Plaintiffs' Amended Complaint states claims against the Sheriff upon which relief can be granted (disputed).

c. Whether Plaintiffs' constitutional and/or statutory rights were violated (disputed).

d. Whether the Sheriff did anything to constitute a violation of any federal or state law (disputed).

e. Whether the Sheriff is liable under Section 1983 in his official capacity (disputed).

f. Whether the contributory or comparative fault of Plaintiffs and/or third parties caused the alleged damages (disputed).

g. Whether Plaintiffs' alleged damages are causally related to any acts or failure to act of the Sheriff (disputed).

h. Whether Plaintiffs are entitled to damages and attorney fees under 42 USC §1983 (disputed).

i. Whether a class action should be certified (disputed).

**Defendants RHI and Dunn**:

a. Whether Plaintiffs have a cause of action against Cleve Dunn, Sr., and RHI (disputed).

b. Whether Plaintiffs' Initial and Amended Complaints state claims against Cleve Dunn, Sr., and RHI upon which relief can be granted (disputed).

c. Whether Plaintiffs' constitutional and/or statutory rights were violated by Cleve Dunn, Sr., and RHI (disputed).

d. Whether Cleve Dunn, Sr., and RHI did anything to constitute a violation of any federal or state law (disputed).

e. Whether Cleve Dunn, Sr., and RHI are liable under Section 1983 (disputed).

    f.   Whether the contributory or comparative fault of Plaintiffs and/or third parties caused the alleged damages (disputed).

    g.   Whether Plaintiffs' alleged damages are causally related to any acts or failure to act of Cleve Dunn, Sr., and RHI (disputed).

    h.   Whether Plaintiffs are entitled to damages and attorney fees under 42 USC §1983 (disputed).

    i.   Whether Cleve Dunn, Sr., is liable personally to plaintiffs (disputed).

    j.   Whether a class action should be certified (disputed).

## E.   DAMAGES

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

    1.   **Plaintiff's calculation of damages**:

        *a. Against Gautreaux*

Plaintiffs seek compensatory damages from Gautreaux on behalf of themselves and a putative class of similarly situated individuals. Plaintiffs' damages for the Fourteenth and Fourth Amendment claims are calculated based on the time Plaintiffs and putative class members were unlawfully detained at the Prison because they could not pay RHI's initial fee to RHI. The amounts necessary to compensate Plaintiffs and the putative class members for the noneconomic damages they have suffered as a result of this time in jail—including damages for the loss of liberty and dignity, emotional damages, humiliation, pain and suffering, and injury to reputation—will be further developed through discovery and testimony of Plaintiffs and other witnesses, and will ultimately be determined by the factfinder.

        *b. Against Dunn*

Plaintiffs seek compensatory damages from Dunn on behalf of themselves and a putative class of similarly situated individuals. Plaintiffs' damages for the federal RICO claims are

7

calculated by multiplying by three the amount of money Plaintiffs and proposed class members paid RHI for monthly supervision and other fees associated with pretrial supervision by RHI. Plaintiffs' damages for the state RICO claims are the greater of that treble damages amount or $10,000.

### c. Against RHI

Plaintiffs seek compensatory damages from RHI on behalf of themselves and a putative class of similarly situated individuals. Plaintiffs' damages for the Fourteenth and Fourth Amendment claims are based on the time Plaintiffs and putative class members were unlawfully detained at the Prison because they could not pay RHI's initial fee to RHI. The amounts necessary to compensate Plaintiffs and the putative class members for the noneconomic damages they have suffered as a result of this time in jail—including damages for loss of liberty and dignity, emotional damages, humiliation, pain and suffering, and injury to reputation—will be further developed through discovery and testimony of Plaintiffs and other witnesses, and will ultimately be determined by the factfinder.

Plaintiffs' damages for their claims for conversion, unjust enrichment, and violations of the Louisiana Unfair Trade Practices Act are calculated based on the amount of fees paid to RHI.[1]

2.  Defendant's calculation of offset and/or plaintiff's damages:

**Defendant Gautreaux**:

Sheriff Sid J. Gautreaux, III, denies liability for any damages in this case. The Sheriff asserts that plaintiffs have failed to state a claim against him upon which relief can be granted. The Sheriff shows that the plaintiffs have sustained no damages, and any alleged damages sustained were not legally caused by the Sheriff.

---

[1] LUTPA claims are brought on the Named Plaintiffs' behalf only, not on behalf of the class.

**Defendants RHI and Dunn**:

Cleve Dunn, Sr., and RHI continue to deny that they owe plaintiffs any damages and deny any liability to them. They further aver that plaintiffs have failed to state a claim against them upon which any relief can be granted. Dunn and RHI deny that they have caused plaintiffs any damages and any alleged by plaintiffs were caused by their own actions or inactions.

      3.      Counterclaimant/cross claimant/third party's calculation of damages:

Not applicable.

**F.    SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: None.

**G.    DISCOVERY**

    1.    Initial Disclosures:

        A.    Have the initial disclosures required under FRCP 26(a)(1) been completed?

            [ ] YES    [ X ] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

        B.    Do any parties object to initial disclosures?

            [ ] YES    [ X ] NO

For any party who answered *yes*, please explain your reasons for objecting.

    2.    Briefly describe any discovery that has been completed or is in progress:

9

        By plaintiff(s): Plaintiffs intend to serve discovery on all defendants within a week of the filing of this report.

        By defendant(s): Defendants Sheriff Sid J. Gautreaux, III, Cleve Dunn, Sr., and RHI have not completed or initiated any discovery to date.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?) The Parties anticipate the need for a protective order concerning the treatment and protection of documents produced during discovery that contain confidential identifying information about Plaintiffs and the putative class members (i.e., social security numbers, phone numbers, addresses, birth dates, etc.).

4. Discovery from experts:

    Identify the subject matter(s) as to which expert testimony will be offered:

    By plaintiff(s): Plaintiffs do not identify any expert or expert information at this time but will disclose this information, if necessary, as discovery proceeds.

    By defendant(s): Defendants Sheriff Sid J. Gautreaux, III, Cleve Dunn, Sr., and RHI have not yet determined if they will retain experts in this matter.

**H.**     **PROPOSED SCHEDULING ORDER**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: Not applicable.

2. Recommended deadlines to join other parties or to amend the pleadings:

Plaintiffs propose May 4, 2018.

10

Defendant Sid J. Gautreaux, III proposes May 4, 2018.

Defendants Cleve Dunn, Sr., and RHI propose July 5, 2018.

3.   Filing all discovery motions and completing all discovery except experts:

Plaintiffs propose October 29, 2018.

Defendant Sid J. Gautreaux, III, proposes January 19, 2019.

Defendants Dunn and RHI propose February 8, 2019.

4.   Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

Plaintiffs propose:

    Plaintiffs: October 29, 2018.

    Defendant(s): October 29, 2018.

Defendant Sid J. Gautreaux, III, proposes:

    Plaintiffs: February 1, 2019

    Defendants: February 15, 2019

Defendants Dunn and RHI propose: February 1, 2019.

5.   Exchange of expert reports:

Plaintiff's propose:

    Plaintiff(s): November 26, 2018

    Defendant(s): November 26, 2018

    Rebuttal Experts: January 4, 2019

Defendant Sid J. Gautreaux, III, proposes:

    Plaintiffs:   March 1, 2019

    Defendants:   March 15, 2019

       Defendants, Cleve Dunn, Sr., and RHI propose: February 15, 2019

6.       Completion of discovery from experts:

Plaintiffs propose: January 18, 2019.

Defendants Sid J. Gautreaux, III, Cleve Dunn, Sr., and RHI propose: April 12, 2019.

7.       Filing dispositive motions and *Daubert* motions:

       Plaintiffs propose February 15, 2019.

       Defendants Sid J. Gautreaux, III, Cleve Dunn, Sr., and RHI propose May 10, 2019.

8.       All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.

    a.       Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

    b.       Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    c.       Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

    d.       Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

        e.      Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

        f.      Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

        g.      Trial date (approximately 27-29 weeks after dispositive motion deadline).

9.      If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case. Not applicable.

## I. TRIAL

1. Has a demand for trial by jury been made?

      [ X ] YES    [ ] NO

2. Estimate the number of days that trial will require. 1 week.

## J. OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

      [ X ] YES    [ ] NO

        i.      If the answer is *yes*, please explain: The deadline for moving for class certification, which Plaintiffs propose coincides with the dispositive motion and *Daubert* motion deadline.

        ii.     If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[ ] YES    [ X ] NO

K.  **SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date.  The Parties have not made any effort to settle this case.

2. Do the parties wish to have a settlement conference:

[ X ] YES    [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?  The parties may wish to schedule a settlement conference with the Court at some point after discovery commences and will inform the Court of their interest in a settlement conference at the appropriate juncture.

L.  **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES    [ X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated: February 15, 2018.

Respectfully submitted:

_____

14

/s/ Ivy Wang
------------------------------

Ivy Wang
*On Behalf of Plaintiffs' Counsel*

Ivy Wang, La. Bar No. 35368
SOUTHERN POVERTY LAW CENTER
1055 St. Charles Avenue, Suite 505
New Orleans, Louisiana 70130
P: 504-228-7279
F: 504-486-8947
E: ivy.wang@splcenter.org

Emily Early, ASB-8536B18H*
SOUTHERN POVERTY LAW CENTER
150 East Ponce de Leon Ave., Suite 340
Decatur, Georgia 30037
P: 404-221-4036
F: 404-221-5857
E: emily.early@splcenter.org

Sara Zampierin, ASB-1695-S34H*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
P: 334-956-8200
F: 334-956-8481
E: emily.early@splcenter.org
E: sara.zampierin@splcenter.org

Bruce Hamilton, La. Bar No. 33170
ACLU Foundation of Louisiana
P.O. Box 56157
New Orleans, Louisiana 70156
P: 504-522-0628
F: 504-613-6511
E: bhamilton@laaclu.org

Brandon Buskey (ASB-2753-A50B)*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
CRIMINAL LAW REFORM PROJECT
125 Broad Street, 18th Floor

15

        New York, NY 10004
        P: 212- 549-7364
        F: 212-549-2654
        E: bbuskey@aclu.org

**\*** *Admitted pro hac vice*

**Attorneys for Plaintiffs**


**ERLINGSON BANKS, PLLC**

    *s/ Tara L. Johnston*
    MARY G. ERLINGSON (#19562)
    CATHERINE S. ST. PIERRE (#18419)
    TARA L. JOHNSTON (#28100)
    301 Main Street, Suite 2110
    Baton Rouge, Louisiana 70801
    Telephone: (225) 218-4446
    Facsimile: (225) 246-2876
    tjohnston@erlingsonbanks.com
    **Attorneys for Sheriff Sid J. Gautreaux**

**THE ADEBAMIJI LAW FIRM**

    S/ DELE A. ADEBAMIJI
    **DELE A. ADEBAMIJI #21417**
    **FELICIA E. ADEBAMIJI #2483**
    **1724 DALLAS DRIVE, SUITE 14**
    **P. O. BOX 80712**
    **BATON ROUGE, LOUISIANA 70898**
    **TEL.: (225) 927-9006 FAX (225) 927-6008**
    **Email: adebamijilawoffice@bellsouth.net**