UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

HENRY AYO and KAIASHA WHITE  CIVIL ACTION
on behalf of themselves
and all others similarly situated  17-526-SDD-EWD

VERSES

CLEVE DUNN SR., REHABILITATION HOME
INCARCERATION, SID J.

## RULING

Before the Court is the *Motion to Dismiss*[1] by Defendants Rehabilitation Home Incarceration's ("RHI") and Cleve Dunn, Sr. ("Dunn") (collectively "Defendants"). Plaintiffs Henry Ayo ("Ayo") and Kaiasha White ("White")(collectively "Plaintiffs") have filed an *Opposition*[2] to this motion. For the following reasons, the *Motion to Dismiss* is DENIED.

Plaintiffs have asserted federal[3] and state[4] Racketeering Influenced and Corrupt Organization Act ("RICO") claims against Dunn and Civil Rights violations against RHI.[5] Plaintiffs have also asserted against RHI Louisiana state law claims of conversion, unjust enrichment, and claims under the Louisiana Unfair Trade Practices Act ("LUTPA").[6]

Defendants move for dismissal of the RICO and §1983 claims. Defendants do not move to dismiss Plaintiffs' LUTPA claims or the other state law claims for conversion or

---

[1] Rec. Doc. 46.
[2] Rec. Doc. 52.
[3] 18 U.S.C. §1962(c).
[4] La. R.S. 15:1353(C).
[5] 42 U.S.C. §1983.
[6] La. R.S. 51:1405.
47558

unjust enrichment; thus, the Court treats the present Motion as a motion for partial dismissal.

The factual background has been previously reviewed by the Court and will not be reiterated herein.[7] Likewise, the applicable legal standard has been set forth by the Court in its *Ruling* on the co-defendant's *Motion to Dismiss*.[8] The same standard is applicable and will be applied to the present Motion before the Court.

**RICO Claims Against Dunn**

Defendants utterly fail to brief the elements of both the federal and state RICO claims and fail to argue how the *Complaint* fails to state a claim. Rather, Dunn maintains that he cannot or should not be amenable to suit because he "has done nothing wrong" and is distinct from the RHI corporate entity. Dunn urges dismissal arguing that:

> [Dunn] owns shares in the company [RHI] but does not alone control the company. Plaintiffs have not and cannot prove nor point to any evidence that CLEVE DUNN, SR., has done anything wrong to plaintiffs or that he has the authority to control the jail house administration or the district court judges.
> Plaintiffs' shotgun approach in this matter must be curtailed and CLEVE DUNN, SR., must be dismissed from this matter as plaintiffs' Complaint has failed to show what CLEVE DUNN, SR., has done wrong. CLEVE DUNN, SR., must be dismissed as a defendant.
> * * *
> CLEVE DUNN, SR., avers that RHI is a citizen of Louisiana as it was incorporated in Louisiana and has its place of business therein. Without a doubt, a corporation is an entity quite distinct from its stockholders and therefore, since plaintiffs have failed to separate CLEVE DUNN, SR., from RHI and show this Court what CLEVE DUNN, SR., is personally liable for, he should be dismissed from this matter.[9]

---

[7] *See* Rec. Doc. 61.
[8] *Id.*
[9] Rec. Doc. 46-1.
47558

On a Motion to Dismiss, the Court cannot determine facts or make credibility determinations. The only inquiry is whether the allegations of the *Complaint*,[10] assumed as true, state a plausible claim for relief.

Dunn argues that he cannot be sued under RICO because he is "personally distinct" from RHI.[11] This contention is erroneous. The United States Supreme Court has held that "an employee who conducts the affairs of a corporation through illegal acts comes within the terms of [the] statute."[12] The Supreme Court explained that RICO "protects a legitimate enterprise from those who would use unlawful acts to victimize it, and also protects the public from those who would unlawfully use an enterprise (whether legitimate or illegitimate) as a vehicle through which unlawful . . . activity is committed."[13]

The *Complaint* states a plausible claim against Dunn. In an apparent misunderstanding of the allegations of the *Complaint*, Dunn argues that Plaintiffs failed to allege that he committed fraud, misrepresentation, or collusion. However, a plain reading of the *Complaint* reveals that the Plaintiffs' RICO claim is predicated on allegations of extortion. The factual allegations that Dunn and his agents communicate to arrestees that they will not be released from jail until RHI's initial fee is paid,[14] and the allegations that Dunn and his agents threaten pretrial supervisees with bond revocation and arrest if they fail to pay RHI's monthly fee,[15] are sufficient to state claims under both federal and state RICO statutes.

---

[10] As used herein, the term "Complaint" refers to the *Complaint* and *Amended Complaint*, Rec. Docs. 1 & 2.
[11] *Id.*
[12] *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001).
[13] *Id.* at 164 (internal citations omitted).
[14] Rec. Doc. 2, ¶¶ 2, 49, 53, 56, 67, and 69.
[15] Rec. Doc. 2, ¶¶ 4, 48-49, 58, 69, and 77.

47558

Dunn's *Motion to Dismiss* the federal and state RICO claims is DENIED.

**42 U.S.C. § 1983 Civil Rights Claims Against RHI**

Seemingly addressing the Plaintiffs' civil rights claims under 42 U.S.C. § 1983, RHI argues that it "is a private corporation and [has] no judicial power whatsoever"[16] and that RHI cannot be liable for any constitutional violations because RHI's policies were not the "moving force" behind the alleged violations.[17] The Court liberally construes this argument as a challenge to the § 1983 claims brought against RHI.

To state a claim under 42 U.S.C. § 1983, a plaintiff must plead facts which plausibly allege "(1) a deprivation of a right secured by federal law, (2) that occurred under color of state law, and 3) was caused by a state actor."[18] While RHI fails to brief the state actor requirement, the Court construes the contention that RHI had no judicial power as a challenge to the state actor element. "The party charged with the [constitutional] deprivation must be a person who may fairly be said to be a state actor."[19] However, private actors may be liable under § 1983 under some circumstances.[20]

The question thus presented is whether, under the facts plausibly plead, RHI was acting under color of state law and, thus, amenable to suit under 42 U.S.C. § 1983. The *Complaint* alleges that: RHI offers pretrial services for the 19th JDC;[21] that RHI is "the only approved vendor for pre-trial supervision on Judge White's website";[22] that RHI "does not have a formal written contract with the JDC, [and its] provision of services to Judge

---

[16] Rec. Doc. 46-1.
[17] *Id.*
[18] *Victoria W. v. Larpenter,* 369 F.3d 475, 482 (5th Cir. 2004).
[19] *West v. Atkins,* 487 U.S. 42, 49 (1988).
[20] *Id.*
[21] Rec. Doc. 2, ¶19.
[22] Rec. Doc. 2, ¶22.

47558

White is based on an informal arrangement between RHI and Judge White";[23] and that RHI (and not Judge White) sets the conditions of pretrial release and the payment terms for pretrial supervision.[24]

"Under color of state law has been defined as functions that are 'traditionally the exclusive prerogative of the state.'"[25] "The maintenance of a prison system is something 'traditionally reserved to the state.'"[26] Likewise, pretrial detention and supervision are traditionally state functions. Accepting the factual allegations as true, the Court finds that RHI performs the same public functions as the state Court vis-à-vis pretrial conditions of release.

Parroting the arguments advanced by the Sherriff in its *Motion to Dismiss*,[27] RHI argues that the § 1983 claim must be dismissed because, "[e]ven if Plaintiffs' constitutional rights were violated, RHI internal policy cannot be and was not the 'moving force' behind the alleged violations."[28] Conduct constitutes a "moving force" if there is a "direct causal link" between the conduct and the alleged constitutional injury.[29] Conduct is the "moving force" if the alleged practice is the "cause in fact of the deprivation of rights inflicted."[30]

The *Complaint* alleges that representatives of RHI told the Plaintiffs that they would

---

[23] Rec. Doc. 2, ¶23.
[24] Rec. Doc. 2, ¶¶ 33, 34, 41, 42 and 43.
[25] *Stephens v. Correctional Services Corp.*, 428 F.Supp.2d 580, 583–84 (E.D.Tex. 2006)(citing *Blum v. Yaretsky,* 457 U.S. 991, 1011 (1982)).
[26] *Id.* at 584 (citing *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991), *cert. denied*, 503 U.S. 989 (1992)).
[27] Rec. Doc. 17-1.
[28] Rec. Doc. 46-1.
[29] *Piotrowski v. City of Houston,* 237 F.3d 567, 580 (5th Cir. 2001).
[30] *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citation omitted).
47558

not be released on bond unless and until they paid the initial fee to RHI.[31] The *Complaint* also alleges that, after release, representatives of RHI threatened the Plaintiffs with re-arrest if they failed to make monthly payments to RHI.[32] The allegations plausibly suggest that the state Court's Bond Order created some indicia of authority in RHI which RHI then exploited to extract fees under threat of continued detention or re-arrest. The Court finds that these facts plausibly plead that RHI was the moving force behind the alleged constitutional violation.

RHI's *Motion to Dismiss* the § 1983 civil rights claim is DENIED.

**IT IS HEREBY ORDERED** that the Defendants' *Motion to Dismiss*[33] is DENIED.

**IT IS FURTHER ORDERED** that the Parties are to simultaneously brief the issue of Judicial Immunity as to the claims against RHI arising under 42 U.S.C. § 1983, briefs to be filed within ten (10) days of this *Order*, maximum of 10 pages, no replies permitted.

Baton Rouge, Louisiana this 12th day of September, 2018.

*Shelly D. Dick*
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[31] Rec. Doc. 2, ¶¶ 53, 56, and 69.
[32] Rec. Doc. 2, ¶¶ 58, 69, and 77.
[33] Rec. Doc. 46.

47558