UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

HENRY AYO, and KAIASHA WHITE
on behalf of themselves
and all others similarly situated

CIVIL ACTION

17-526-SDD-EWD

VERSES

CLEVE DUNN Sr., REHABILITATION HOME
INCARCERATION, SID J.

## RULING

Before the Court is a *Motion to Vacate Preliminary Default* filed by Defendants Cleve Dunn, Sr. ("Dunn") and Rehabilitation Home Incarceration, Inc. ("RHI").[1] The Motion is opposed by Plaintiffs Henry Ayo ("Ayo") and Kaiasha White ("White").[2]

Defendants, Dunn and RHI, significantly delayed filing responses to the Plaintiffs' *Complaint*. The Court is unpersuaded by the excuse offered by Dunn and RHI. The Court finds that Defendants Dunn and RHI have not explained, nor offered any plausible excuse for, their delay in filing a timely response to Plaintiffs' pleadings.

Plaintiffs filed a *Complaint* on August 7, 2017 and *Amended Complaint* on August 8, 2017 naming Dunn and RHI as Defendants. Plaintiffs assert that Dunn and RHI eluded service causing Plaintiffs to seek an extension of time to serve these Defendants. According to the Plaintiffs, they "attempted service numerous times and in myriad ways— by mail and in person, employing a process server and two different paralegals who visited different addresses and made [service] attempts on five occasions in October,

---

[1] Rec. Doc. 63.
[2] Rec. Doc. 70.

47521　　　　　　　　　　　　　　　　　　　1

2017".[3] Following numerous attempts, a process server contacted Dunn[4] by phone at which point Dunn advised that he would accept service but, thereafter, Plaintiffs' process server phoned Dunn six times, leaving three voicemails, which were not returned.[5] At last, Plaintiffs were successful in serving Dunn and RHI on Nov. 22, 2017,[6] almost 4 months after suit was filed.

The deadline for filing responsive pleadings was December 13, 2017. No responsive pleadings were filed, nor did the Defendants timely move for an extension of time to plead. On January 4, 2018, Defendants sought an out-of-time *Motion for Extension of Time to Plead*.[7] In their *Motion for Extension of Time*, Defendants asserted that they "tried without success to retain counsel" and "because of their indigency, could not retain any counsel".[8] The Magistrate Judge granted Defendants until February 2, 2018 to respond "based on sufficient showing of excusable neglect pursuant to F.R.C.P. 6(b)(1)(B)."[9] Defendants, Dunn and RHI, failed to file responsive pleadings by the Court Ordered deadline. Plaintiffs moved for entry of default.[10] Rather than responding to the Motion for default, on February 6, 2018, Defendants filed an out-of-time *Motion for Leave to File a Motion to Dismiss*.[11] On February 8, 2018, the Clerk of Court granted an Entry

---

[3] Rec. Docs 70 and 20, ¶¶ 2-10.
[4] Dunn was sued individually and Dunn is also the registered agent for service of process for RHI.
[5] Rec. Docs 70 and 20, ¶ 13.
[6] Rec. Docs. 26 and 27.
[7] Rec. Doc. 34.
[8] Rec. Doc. 34, ¶3, 5.
[9] Rec. Doc. 35.
[10] Rec. Doc. 38.
[11] Rec. Doc. 41.

47521  2

of Default against Dunn and RHI.[12] Over opposition[13] by the Plaintiffs, the Court granted Defendants, Dunn and RHI, leave to file their *Motion to Dismiss* on February 14, 2018.[14]

In the present Motion to vacate the default, Defendants offer 2 excuses; first, Defendants submit that their delays were "due largely to their inability to secure counsel early enough to read, familiarize and conduct due diligent research on this matter"; and, secondly, "Defendants suffered loss of property and home during the August 2016 flood in Baton Rouge and have still not recovered from such calamity."[15]

Under Rule 55 of the Federal Rules of Civil Procedure, the Court may set aside an entry of default for "good cause." The decision to set aside a default entry "lies within the sound discretion of the district court."[16] In determining whether good cause exists, courts generally consider three factors: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented.[17]

The Defendants utterly fail to explain how a flood in August of 2016 created excusable neglect for filing a timely response to a lawsuit served upon them in November of 2017. Likewise, Defendants excuse that they had difficulty securing counsel fails to explain Defendants' untimely response after counsel was retained. Defense counsel appeared on January 4, 2018.[18] Defendants, once represented, were granted until February 2, 2018 to file responsive pleadings but still failed to do so. Defendants claim

---

[12] Rec. Doc. 42.
[13] Rec. Doc. 43.
[14] Rec. Doc. 44.
[15] Rec. Doc. 63-1, pp. 3-4.
[16] *Antoine v. Boutte*, No. 15-561-JWD-EWD, 2017 WL 1969468, at *2 (M.D. La. May 12, 2017) (*citing U.S. v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985)).
[17] *Id.* at *3.
[18] *See* Rec. Doc. 34.

47521    3

that "[w]ith due diligence, counsel could not be up to speed by February 2, 2018 [the Court Ordered deadline for filing responsive pleadings]"[19] yet, remarkably, defense counsel was able to get "up to speed" sufficiently to file a *Motion to Dismiss* on February 6, 2018.[20]

Motions under Rule 12(b) of the Federal Rules of Civil Procedure must be filed before a responsive pleading because Rule 12(b) Motions seek pre-answer dismissal of a claim. Thus, the act of filing a Rule 12(b) Motion for dismissal suspends the time for answering.[21] Hence, the filing of a Rule 12(b) Motion has a tolling effect on the time for answering. By granting the Defendants' *Motion for Leave* to file their *Motion to Dismiss* this Court inadvertently protected the Defendants from the error of their ways.

Because this Court granted Defendants, Dunn and RHI, leave to file a *Motion to Dismiss* the Court will exercise its discretion and vacate the entry of default. However, the Court finds that the Plaintiffs have been prejudiced by the delays and inexcusable neglect of Defendants Dunn and RHI. Plaintiffs have suffered the time and expense of moving for entry of default and opposing the *Motion to Vacate* default. Defendants, Dunn and RHI, are hereby ordered to reimburse Plaintiffs for the court costs and attorneys' fees incurred in filing the *Motion for Entry of Default*[22] and the *Memorandum in Opposition to Motion to Vacate Preliminary Default* filed by Plaintiffs[23]. Defendants are hereby cautioned that future missed deadlines or failure to comply with discovery will result in additional appropriate sanctions.

---

[19] Rec. Doc. 63-1.
[20] Rec. Doc. 41, Defendant's *Motion for Leave to File Motion to Dismiss* accompanied by the "Proposed Pleading" Rec. 43-1.
[21] FRCP Rule 12(a)(4).
[22] Rec. Doc. 38.
[23] Rec. Doc. 70.

47521             4

The Parties are hereby ordered to meet and confer within fifteen (15) days of this *Order* to reach a mutual agreement of the time and expenses incurred by Plaintiffs in connection with the filing of the pleadings at Record Document Numbers 38 and 70. If the Parties are unable to concur on the amount of reimbursement to be made to the Plaintiffs, Plaintiffs shall file a Motion to tax costs and expenses in accordance with this *Ruling*.

Accordingly,

**IT IS ORDERED** that the *Motion to Vacate the Entry of Default* (Rec. Doc. 63) is GRANTED and the Clerk's Entry of Default (Rec. Doc. 42) is hereby VACATED;

**IT IS FURTHER ORDERED** that the Defendants shall pay the Plaintiffs an amount sufficient to reimburse the Plaintiffs for the time and expense incurred in filing the pleadings at Record Documents 38 and 70.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>September 26, 2018</u>.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**