UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

HENRY AYO, ET AL.                                         CIVIL ACTION NO.

VERSUS                                                    17-526-SDD-EWD

CLEVE DUNN, SR., ET AL.

## RULING AND ORDER

Before the court is a Motion to Compel Defendants Cleve Dunn, Sr. and Rehabilitation Home Incarceration's Responses to Plaintiffs' Written Discovery (the "Motion"), filed by Plaintiffs Henry Ayo and Kaiasha White on behalf of themselves and all others similarly situated ("Plaintiffs").[1] Defendants Cleve Dunn, Sr. ("Dunn") and Rehabilitation Home Incarceration ("RHI") filed an opposition memorandum[2] and Plaintiffs filed a reply memorandum.[3] The basis for the Motion, which was filed on May 11, 2018, was that Dunn and RHI had failed to timely provide responses to discovery requests propounded by Plaintiffs on February 22, 2018. A telephone conference was conducted with the parties on May 29, 2018 to discuss the Motion.[4] During the telephone conference and in the opposition memorandum, Dunn and RHI represented that discovery responses were eventually provided. While Plaintiffs acknowledge responses were provided, because the responses were untimely, Plaintiffs continue to seek an award of expenses incurred in filing the Motion under Fed. R. Civ. P. 37(a)(5). The question of expenses is the only remaining issue before the court. For the reasons that follow, Plaintiffs are awarded $1000.00 in expenses under Fed. R. Civ. P. 37(a)(5).

---

[1] R. Doc. 55.
[2] R. Doc. 62.
[3] R. Doc. 69.
[4] R. Doc. 60.

## Law and Analysis

Motions to compel discovery responses are governed by Rule 37(a) of the Federal Rules of Civil Procedure. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. Rule 37(a)(5)(A) mandates that, if the motion is granted, or if the discovery responses are provided after the motion was filed, reasonable expenses incurred in filing the motion must be taxed against the party whose conduct necessitated the motion unless an exception is applicable.

The initial burden rests with the party seeking to compel discovery to establish that the information sought is relevant and proportional. Once the moving party establishes relevancy and proportionality, the party resisting discovery must substantiate its objections.[5] "'For purposes of discovery, relevancy is construed broadly to encompass 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.'"[6] A determination of relevancy is tied to applicable substantive law and then weighed against the six proportionality factors. Any information sought that is not relevant to a party's claim or defense is not discoverable, regardless of proportionality.

Regarding the relevancy of the requests, the Amended Complaint in this matter asserts various claims against Dunn and RHI arising out of the imposition of fees for pretrial supervision ordered by 19th Judicial District Court Judge Trudy White. The Amended Complaint alleges that

---

[5] *See, e.g., Wymore v. Nail*, 2016 WL 1452437, *1 (W.D. La. April 13, 2016) ("Once a party moving to compel discovery establishes that the materials and information it seeks are relevant … the burden rests upon the party resisting discovery to substantiate its objections.") (citing *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990))

[6] *Tadlock v. Arctic Cat Sales, Inc.*, Civil Action No. 15-766, 2017 WL 1032516, at * 3 (M.D. La. March 17, 2017) (quoting *Fraiche v. Sonitrol of Baton Rouge*, Civil Action No. 08-392, 2010 WL 4809328, at *1 (M.D. La. Nov. 19, 2010) (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1)).

2

RHI is Judge White's "approved vendor for pretrial supervision"[7] and that Dunn is RHI's Executive Director.[8] According to the Amended Complaint, RHI and Dunn use threats of incarceration for individuals who do not comply with RHI's conditions or pay the required fees. The Amended Complaint alleges violations of federal and state racketeering influence and corrupt organization laws by Dunn and constitutional violations and state law claims of unfair trade practices, conversion and unjust enrichment against RHI.

Plaintiffs propounded seven document requests and one interrogatory on Dunn and fifteen document requests, six interrogatories and three requests for admissions on RHI. In general, the requests seek information regarding communications and agreements about pretrial supervision between defendants and with Judge White; RHI's requirements for pre-trial supervisees, including mandatory payments; and RHI's record keeping policies and organizational structure. This information is relevant to Plaintiffs' claims in this matter and proportional to the needs of the case.

As the requests were propounded on February 22, 2018, Dunn and RHI had thirty days after service, or until March 26, 2018, to provide responses. The certification of conference accompanying the Motion states that Plaintiffs' counsel attempted to contact counsel for Dunn and RHI on March 29 and March 30 to discuss the status of the responses. At that time, counsel for Dunn and RHI requested until April 17, 2018 to provide responses.[9] According to the certification, Dunn and RHI still failed to provide responses within the extended deadline and no responses had been provided by the time the motion was filed on May 11, 2018.[10]

Dunn and RHI do not suggest that their discovery responses were timely, instead, their opposition memorandum focuses on the fact that Dunn and RHI lost their office, home and storage

---

[7] R. Doc. 2, ¶ 109.
[8] R. Doc. 2, ¶ 108.
[9] R. Doc. 69, p. 3.
[10] R. Doc. 55-1, pp. 8-9.

in the August 2016 flood and that Dunn and RHI advised Plaintiffs that they were searching boxes to locate any responsive documents.[11]

While the court is sympathetic to the challenges faced by individuals who were impacted by the flood, it does not appears that Dunn and RHI even attempted to contact Plaintiffs to seek an extension to respond to the discovery requests within the time period provided by the Federal Rules of Civil Procedure, nor does it appear that Dunn and RHI contacted Plaintiffs after the April 17, 2018 extended deadline, despite receiving notice from Plaintiffs that the Motion would be filed. Dunn and RHI did not even provide responses before the Motion was actually filed on May 11, 2018—three weeks after the extended deadline. Nor did Dunn or RHI seek further extensions from the court. Although Dunn and RHI provided the discovery responses by the time of the May 29, 2018 telephone conference, the responses were clearly provided after the Motion was filed. Dunn and RHI have failed to establish that the motion was filed before Plaintiffs made a good faith attempt to obtain responses, that the failure to respond was substantially justified or that other circumstances make an award of expenses unjust. If Dunn and RHI still could not respond within the applicable time periods, they had an obligation to advise Plaintiffs **before the time periods expired.** If, after conferring, the parties could not resolve the issue, Dunn and RHI could have sought further relief from the court. Because the facts establish that Dunn and RHI failed to do either, they have failed to establish an exception to the imposition of expenses under Federal Rule of Civil Procedure 37(a)(5). The fact that Dunn and RHI were impacted by the August 2016 flood does not excuse them from timely complying with their discovery obligations or, alternatively, seeking relief from those time periods in the spring of 2018.

Plaintiffs have not requested a specific amount as expenses, however, Rule 37(a)(5) provides that the expenses imposed must be "reasonable." In this case, the court conducted a

---

[11] R. Doc. 62.

4

conference with counsel shortly after the Motion was filed in an effort to resolve the issues raised. At that time, the court questioned counsel for RHI and Dunn concerning the fact that the basis for the motion was that no responses had been timely provided and that Federal Rule of Civil Procedure 37 requires an award of expenses unless an exception is established. Despite that explanation, counsel for Dunn and RHI indicated that Dunn and RHI wanted to file an opposition memorandum, which then prompted Plaintiffs to file a reply memorandum. While the court has previously found expenses of $500 reasonable in other cases where no specific amount has been requested,[12] because Dunn and RHI continued to pursue this matter despite an inability to establish an exception under Rule 37(a)(5), an award of $1000.00 is reasonable in this case.

**IT IS HEREBY ORDRED** that Motion to Compel Defendants Cleve Dunn, Sr. and Rehabilitation Home Incarceration's Responses to Plaintiffs' Written Discovery[13] is **GRANTED** to the extent is seeks an award of expenses under Federal Rule of Civil Procedure 37(a)(5). Defendants Cleve Dunn, Sr. and Rehabilitation Home Incarceration shall pay to Plaintiffs $1000.00 pursuant to Federal Rule of Civil Procedure 37(a)(5).

Signed in Baton Rouge, Louisiana, on October 9, 2018.

          **ERIN WILDER-DOOMES**
          **UNITED STATES MAGISTRATE JUDGE**

---

[12] *See e.g, Clark, et al. v. GEICO General Insurance Co., et al.*, Civil Action No. 16-862, 2017 WL 2957813 (M.D. La. July 10, 2017)(awarding $500 in expenses under Fed. R. Civ. P. 37(a)(5) for failure to respond; no opposition to the motion filed); *Williams, et al. v. Toyota Manufacturing, Indiana, Inc.*, Civil Action No. 16-179, 2017 WL 36273 (M.D. La. Jan. 4, 2017)(same) *but see Nguyen v. Louisiana State Board of Cosmetology*, Civil Action No. 14-80, 2016 WL 67253 (M.D. La. Jan. 5, 2016)(reducing requested expenses from $2,844 to $900).
[13] R. Doc. 55.