**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

HENRY AYO and KAIASHA WHITE, on
behalf of themselves and those similarly
situated,

      Plaintiffs,

v.

CLEVE DUNN, Sr., *et al.*,

      Defendants.

Case No. 3:17-cv-526-SDD-EWD

## RESPONSE IN OPPOSITION TO DEFNDANTS' EXPEDITED MOTION TO STAY

Plaintiff Kaiasha White, on behalf of herself and similarly situated individuals she seeks to represent (hereinafter collectively "Plaintiffs"), hereby responds to Defendants' Motion to Stay Discovery, stating as follows:

Defendants' Expedited Motion to Stay is an attempt by RHI to avoid its responsibility to fully participate in Plaintiff White's properly noticed Rule 30(b)(6) deposition on May 23, 2019. As Plaintiff White has shown in previous briefing, Defendants have consistently disregarded briefing deadlines, discovery obligations, and local rules throughout this case, *see* Docs. 85 at 1-3, 86 at 1-3, and the instant Motion to Stay is yet another marker of Defendants' larger pattern of non-compliance in this litigation.

After nearly a year and a half of engaging in written discovery and after RHI agreed to schedule its deposition on two occasions, RHI raised for the first time, just before its rescheduled deposition, judicial immunity as a bar to its deposition and as a basis to seek to stay <u>all</u> discovery in this case. RHI, however, has failed to establish a single ground to justify a full discovery stay or to excuse its participation at its deposition.

*First*, there is no pending motion to dismiss or dispositive issue on which to base a discovery stay, despite RHI's repeated misstatements to the contrary.

*Second*, RHI has waived any defense of judicial immunity by participating in discovery, and more generally in this case, without ever properly raising this defense.

*Finally*, judicial immunity should not stay discovery because the defense does not apply to RHI for all the reasons Plaintiffs previously argued.  Moreover, if the defense were to apply, judicial immunity would not exempt RHI from participation in discovery because RHI is a critical witness on claims against Mr. Dunn relating to his operation and management of RHI.  For these reasons, as set forth below, a stay is wholly unwarranted, and the Motion should be denied.[1]

## FACTUAL BACKGROUND

Over a year and a half ago Plaintiff White, along with a previous plaintiff, Henry Ayo,[2] filed this putative class action damages lawsuit against Defendants on behalf of herself and others similarly situated.  Docs. 1 & 2.  Defendants did not timely file any responsive pleading or motion in response to Plaintiffs' pleading and entered default on December 14, 2017.  On February 14, 2018, only after they were granted leave to file their out-of-time response to the Amended Complaint, Defendants—while still in default—moved to dismiss Plaintiff White and Mr. Ayo's federal RICO and § 1983 claims for failure to state a claim under Rule 12(b)(6), arguing that Defendant Cleve Dunn should not be liable because he is distinct from RHI and did nothing wrong, and that RHI had "no judicial power whatsoever" and its policies could not have caused the alleged harms.  Doc. 46-1 at 6-7.  Defendants' Motion did not raise judicial immunity.  *See generally* Docs. 46 & 46-1.

---

[1] Plaintiffs submit this briefing ahead of their required filing deadline on May 28, 2019, to allow the Court to rule on an expedited basis. But as explained herein, there was no need for this Motion to be expedited. RHI had at least five months' notice of the deposition in question.

[2] Mr. Ayo has since dismissed his individual and putative class claims from this case.  Docs. 80 & 82.

While the Motion to Dismiss was pending, on May 24, 2018—only after Plaintiff White and Mr. Ayo filed a Motion to Compel against Defendants,[3] Doc. 55 & 55-1, Defendants produced written responses and some responsive documents to Plaintiffs' first set of discovery.  Declaration of Emily C.R. Early ("Early Decl.") ¶ 2.  A significant portion of Defendants' responses lacked substantive content, citing the purported destruction of RHI's documents in August 2016 flood in Baton Rouge—despite the fact that Plaintiff White and Mr. Ayo, and many other members of the proposed class, were supervised by RHI after the flood.  *Id.* ¶ 3.  Neither their responses nor the response to the Motion to Compel, however, raised judicial immunity as an objection to the requests.  *Id.* ¶ 4; *see also* Doc. 62.

On September 12, 2018, the Court denied Defendants' Motion to Dismiss in its entirety (hereinafter the "Order").  Doc. 71.  In response to the Order's directive, Doc. 71, the Parties subsequently briefed the applicability of judicial immunity to RHI, Docs. 72 & 73.  Defendants, however, again failed to answer or respond to the Amended Complaint after the Order, in accordance with Rule 12(a)(4)(A), placing them in default once more.[4]  *See generally Docket*.

Several weeks later, on November 29, 2018, Defendants produced written responses to Plaintiffs' second set of discovery, which, like their responses to the first discovery set, repeatedly raised the purported destruction of RHI's documents in the 2016 Baton Rouge flood but never addressed judicial immunity.  Early Decl. ¶ 6.

---

[3] Notably, even after Defendants produced responses to Plaintiff White's and Mr. Ayo's Interrogatories and Requests for Production of Documents in response to the Motion to Compel, Plaintiff White and Mr. Ayo still had to confer with Defendants for responses to Plaintiffs' Requests for Admissions, which were not included in the initial responses.  Early Decl. ¶ 2.  The Court ultimately entered against Defendants an award of fees and costs that Plaintiff White incurred in moving to compel, Doc. 75, which Defendant still has not fulfilled to date, Early Decl. ¶ 5.

[4] Nearly six months after their answer or responsive motion was due, on March 22, 2019, Defendants moved for leave to file an out-of-time counterclaim as well as answer that proposes an affirmative defense of judicial immunity.  Docs. 84 & 84-1.  Defendants' answer, however, is only *proposed* and is not currently a pleading before the Court.

In mid-December 2018, Ms. Emily Early, Plaintiffs' counsel, began a months-long effort to schedule the deposition of RHI. Early Decl. ¶ 7. After multiple unsuccessful attempts over a two-month period by Ms. Early to contact Defendants' counsel via email and telephone to set a deposition date, and after Plaintiffs' service of an initial Notice of 30(b)(6) Deposition of RHI for a February 19, 2019 deposition, on February 25, 2019, the Parties mutually agreed to depose RHI on April 10, 2019. *Id.* ¶ 14. Plaintiffs noticed RHI's deposition via U.S. Mail and email to Defendants on February 27, 2019. *Id.* ¶ 15.

RHI abruptly canceled the deposition the morning before the April 10 deposition due to Mr. Dunn's alleged illness. *Id.* ¶ 18. Plaintiffs' counsel, once again, struggled to reach Mr. Adebamiji to reschedule the deposition due to Mr. Adebamiji's failure to respond to Ms. Early's multiple emails and phone calls and to propose an alternative deposition date—despite Mr. Adebamiji's promise to do so soon within 1-2 days after canceling the deposition. *Id.* ¶ 19. Having received no response from Mr. Adebamiji, Ms. Early re-noticed RHI's deposition for April 25, 2019, and then followed up with him for a response. *Id.* ¶ 20. Mr. Adebamiji finally responded on April 22, 2019—nearly two weeks after canceling the previously noticed deposition—that April 25 was too soon for him. *Id.* ¶ 22. Instead of providing proposed deposition dates, Mr. Adebamiji, for the first time, requested that the deposition be limited to the liability of Defendant Dunn, that RHI's deposition be deferred until a ruling on "qualified immunity," and that Plaintiff pick a few dates in May or June for the deposition. *Id.* ¶ 23.

On April 24, 2019, Ms. Early responded that Plaintiffs would not agree to limit the deposition to liability or defer RHI's deposition; she requested that by April 26, 2019, Mr. Adebamiji provide possible deposition dates due to his more restrictive schedule. *Id.* ¶ 24. Ms. Early re-sent that email on April 26, 2019, when Mr. Adebamiji indicated that he had not seen

4

Plaintiffs' response to his April 22, 2019 email. He urged Ms. Early to send deposition dates because he "**really need[ed] us to do this deposition as soon as possible, please**" or alternatively said he would select potential dates. *Id.* ¶ 25 (emphasis added). After several additional exchanges, on April 30, 2019, the Parties finally agreed to re-set the deposition for May 23, 2019, at the office of the court reporter at 10:00 a.m. *Id.*

On May 1, 2019, Ms. Early emailed Mr. Adebamiji to confirm that Mr. Dunn would serve as the 30(b)(6) corporate designee for RHI's deposition on May 23. *Id.* Mr. Adebamiji responded that "Mr. Dunn will be prepared for **both deposition** [sic]" but that he would file "a motion to stay **on RHI**" because he did not think that RHI should be deposed at this time." *Id.* ¶ 27 (emphases added). The same day Plaintiff mailed via email and U.S. mail a Third Amended Notice of 30(b)(6) Deposition of RHI. *Id.* ¶ 28.

During the nearly five-month period Plaintiffs attempted to schedule RHI's deposition, other than Defendant's April 22, 2019 email to Ms. Early, Defendants never raised the issue of RHI's purported immunity, their desire to defer RHI's deposition due to immunity, or their intent to stay all discovery on this ground. *See supra* pp. 4-5; *see also* Early Decl. ¶ 29. Nevertheless, on May 6, 2019, Defendants filed the instant Motion to Stay, which seeks to stay <u>all</u> discovery in this case. Doc. 92.

## <u>ARGUMENT</u>

## I. <u>DEFENDANTS HAVE NOT MET THE STANDARD TO STAY DISCOVERY.</u>

Defendants' Motion to Stay must be denied because Defendants have not, and cannot, establish any factual or legal basis to stay all discovery in this case.

### A. There is no pending motion or dispositive issue on which to grant a stay.

As a threshold matter, there exists no pending motion or dispositive issue on which a court

could stay all discovery.

Courts in the Fifth Circuit have "the discretion to stay discovery where the disposition of a motion to dismiss might preclude the need for the discovery entirely." *Your Preferred Printer, LLC v. United Wholesale, LLC*, No. CIV.A. 11-2954-SSV, 2012 WL 2190853, at *2 (E.D. La. June 14, 2012) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 436 (5th Cir. 1990)). "In determining whether a stay of discovery is appropriate, courts are to balance any harm produced by a stay against the possibility that a motion to dismiss would be granted." *See Dresser v. MEBA Med. and Benefits Plan*, 08–2662, 2008 WL 2705584 (E.D. La. July 10, 2008).

Defendants fail to meet this standard for one simple reason: no motion to dismiss or, for that matter, dispositive issue remains pending that would preclude discovery—notwithstanding Defendants' multiple glaring misrepresentations to the contrary. Over eight months ago, the Court denied Defendants' Motion to Dismiss in its entirety.[5] But even if that Motion were still pending, it would have no effect on the requested stay based on immunity because it did not raise judicial immunity. *Compare Durrance v. McFarling*, No. 4:08-CV-289, 2009 WL 440465, at *1 (E.D. Tex. Feb. 19, 2009) ("Because the court has not yet reviewed the Defendants' pending motion to dismiss, and because that motion is premised on the defense of judicial immunity, the Defendants should not be required to respond to the Plaintiff's discovery requests."). Indeed, RHI never even raised this defense in a properly filed answer.[6] *See Skinner v. Hinds Cty., Miss.*, No. 3:10CV358-DPJ-FKB, 2013 WL 5674356, at *3 (S.D. Miss. Oct. 17, 2013) ("To pursue an affirmative defense means 'to plead it, bring it to the court's attention, and request a hearing.'" (citation omitted)).

---

[5] Moreover, while the Court ordered briefing on judicial immunity as to RHI, Doc. 71, it has never issued any ruling on, or made any findings about, this defense or indicated its intent to do so, *see generally* Dkt.
[6] *See supra* n.4.

For the above reasons, the harm of the requested stay to Plaintiffs *entirely* outweighs any possibility of a motion to dismiss being granted; indeed, only harm to Plaintiffs can result from a stay in light of the absence of any such pending motion.  As detailed above, this case has been pending for almost two years. Plaintiffs have attempted to engage in substantial discovery with Defendants, including filing a motion to compel, for which they were granted fees; obtaining some answers to written discovery; and noticing RHI's deposition multiple times and preparing for its deposition.  Thus, to stay discovery at this juncture would only further delay Plaintiffs' ability to discover critical facts and bring their case to trial.

**B.  RHI has waived judicial immunity.**

RHI has waived judicial immunity as a defense or objection to discovery by participating (albeit deficiently) in discovery and more generally in this litigation.

"[T]he Fifth Circuit and . . . [c]ourt[s within the Circuit] have permitted discovery to proceed in suits against governmental officials who, by their acts or omissions, made the allowance of discovery appropriate."  *See, e.g.*, *Stark v. Univ. of S. Miss.*, No. 2:13CV31-KS-MTP, 2013 WL 5563767, at *5 (S.D. Miss. Oct. 8, 2013) (collecting cases).  Indeed, courts have held that defendants that continue to participate in discovery cannot raise immunity as a discovery shield, and that defenses raised after participation in discovery are waived.  As one Mississippi federal court held on facts startlingly similar to those at issue here:

> Defendants have participated in full discovery for the past ten weeks.  Yet now— one week before their depositions—they want the Court to raise the qualified immunity shield and cut Plaintiffs off.  The Court holds that in this particular case Defendants waived their right to narrowly-tailored discovery.

*Watkins v. Hawley*, No. 4:12-CV-54-KS-MTP, 2013 WL 3357703, at *2 (S.D. Miss. July 3, 2013); *see also Stark*, 2013 WL 5563767, at *5 (permitting discovery, despite qualified immunity defense, where defendant participated in discovery); *cf. Largent v. City of Dallas*, 44 F.3d 1004 (5th Cir.

1995) (dismissing defendant's appeal of district court's discovery order ordering defendant's deposition because defendant "waived any complaint . . . that the discovery order was not tailored sufficiently narrowly" to facts essential to immunity defense, where defendant failed to restrict scope of his deposition based on immunity).

Similarly, here, RHI has participated in discovery for over a year, responding to two sets of discovery and a motion to compel and even agreeing for RHI to be deposed—all without ever raising judicial immunity. Indeed, RHI's counsel insisted just a few weeks ago that "**he really need[ed] us to do this deposition as soon as possible.**" *Supra* p. 5. Yet now, just a few weeks before RHI's deposition, and months after already agreeing to RHI's deposition, Defendants raise judicial immunity to cut off Plaintiff from necessary discovery from RHI, particularly its deposition testimony. This is an impermissible outcome due to RHI's waiver.

### C. A defense of judicial immunity, even if properly raised and applicable, would not excuse RHI's participation in discovery.

Finally, for two reasons, even assuming RHI had timely raised and had not waived judicial immunity as a basis to stay discovery, the defense would not exempt RHI from participating in discovery.

*First*, RHI is not judicially immune for all the reasons Plaintiff White previously briefed in response to the Court's Order. *See* Doc. 73.

*Second*, even if RHI were immune, because RHI's policies and practices are material to Plaintiffs' RICO and state claims against Mr. Dunn, Plaintiffs would be entitled to discovery on these and related issues. This is so because "[t]he Fifth Circuit has . . . recognized that . . . immunity is a right to immunity from *certain claims*, not from litigation in general." *Cf. Stark v. Univ. of S. Mississippi*, No. 2:13CV31-KS-MTP, 2013 WL 5563767, at *5 (S.D. Miss. Oct. 8, 2013) (citation omitted) (finding defendant's qualified immunity defense "no impediment to Plaintiff's request to

conduct additional discovery given the existence of claims to which the defense is inapplicable and the discovery thus far conducted in this cause").

Indeed, defendants who are entitled to qualified immunity from suit can be compelled to testify where they are fact witnesses with information relevant to the liability of other defendants. *See S.D. v. St. Johns Cty. Sch. Dist.*, No. 3:09-CV-250-J-20TEM, 2009 WL 4349878, at *3–4 (M.D. Fla. Nov. 24, 2009) (allowing plaintiffs to seek discovery from individual defendants asserting qualified immunity because of their status as fact witnesses in the pending claims against school district); *Seeds of Peace Collective v. City of Pittsburgh*, No. CIV.A 09-1275, 2010 WL 2990734, at *3 (W.D. Pa. July 28, 2010) (finding that "it is not possible to shield defendants . . . from the burdens of discovery in this case" because they "will be required to provide testimony and participate in discovery on the remaining claims even if . . . they are entitled to qualified immunity"); *V.S. v. Muhammad*, Nos. 07-CV-213(DLI)(JO), 07-CV-1281(DLI)(JO), 2009 WL 936711, at *1 (E.D.N.Y. Apr. 3, 2009) (denying stay of discovery on basis of qualified immunity because "whether or not the Individual City Defendants are dismissed, their discovery burdens remain the same").  Courts have found the same principles apply to judges asserting immunity, where they will be fact witnesses.  *See Goldhaber v. Higgins*, No. CIV.A.06-134J, 2009 WL 565725, at *9 n.6 (W.D. Pa. Mar. 3, 2009) (citing *Dennis v. Sparks*, 449 U.S. 24, 30–32 (1980)); *Denton v. Twyford*, 142 F.R.D. 140, 142–43 (S.D. Ohio 1992).

Accordingly, because RHI's claim of immunity would not except it from participation in discovery, the stay should be denied.[7]

---

[7] Alternatively, a stay of <u>all</u> discovery is too broad because Defendants seek to limit only discovery based on <u>RHI</u>'s purported judicial immunity; thus, any stay should restrict discovery only as to the liability of RHI and not stay discovery altogether.  *See Imani v. City of Baton Rouge*, No. 17-439-JWD-EWD, 2018 WL 2208221, at *7 (M.D. La. May 14, 2018) (staying most discovery pending determination of qualified immunity but allowing plaintiff and those defendants who did not assert immunity to engage in written discovery).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay should be denied.

DATED this 20th day of May, 2019.

Respectfully submitted,

/s/ Ivy Wang
Ivy Wang
*On Behalf of Plaintiffs' Counsel*

Ivy Wang, La. Bar No. 35368
SOUTHERN POVERTY LAW CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, Louisiana 70170
P: 504-228-7279
F: 504-486-8947
E: ivy.wang@splcenter.org

Emily Early, ASB-8536B18H*
SOUTHERN POVERTY LAW CENTER
150 East Ponce de Leon Ave., Suite 340
Decatur, Georgia 30037
P: 404-221-4036
F: 404-221-5857
E: emily.early@splcenter.org

Sara Zampierin, ASB-1695-S34H*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
P: 334-956-8200
F: 334-956-8481
E: sara.zampierin@splcenter.org

Bruce Hamilton, La. Bar No. 33170
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF LOUISIANA
P.O. Box 56157
New Orleans, Louisiana70156
P: 504-522-0628
F: 504-613-6511
E: bhamilton@laaclu.org

Brandon Buskey, ASB-2753-A50B*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

125 Broad Street, 18th Floor
New York, New York 10004
P: 212-549-7364
F: 212-549-2654
E: bbuskey@aclu.org

*Admitted pro hac vice*

**Attorneys for Plaintiffs**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served on Defendants through their counsel of record via this Court's CM/ECF system.

Dated: May 20, 2019.

/s/ Ivy Wang
Ivy Wang
*On Behalf of Plaintiffs' Counsel*
